MELINDA L. HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

JOSEPH FAZIOLI (ILBN 6273413)
Assistant United States Attorney

150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5595
Facsimile: (408) 535-5066
joseph.fazioli@usdoj.gov

Attorneys for the United States

**FILED**

JUL 1 0 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> STEVEN HIBBETT, <br> Defendant. | No. CR 5:13-MJ-70368 HRL <br><br> STIPULATION AND [PROPOSED] ORDER CONTINUING APPEARANCE DATE AND EXCLUDING TIME FROM THE SPEEDY TRIAL ACT CALCULATION (18 U.S.C. § 3161(h)(8)(A)) |

This matter is scheduled before the Court for an preliminary hearing or arraignment on July 11, 2013. On April 5, 2013, this Court issued a criminal complaint against the defendant related to two child pornography offenses under 18 U.S.C. § 2252(a). The United States and the defendant now request a continuance until July 25, 2013 in order to afford defense counsel additional time to effectively prepare and also to allow the parties an opportunity to finalize a potential pre-indictment resolution of the mattter. The parties agree, and the Court finds and holds, as follows:

1. The preliminary hearing or arraignment is continued to July 25, 2013.

STIPULATION AND [PROPOSED] ORDER
CR 5:13-MJ-70368 HRL

2. Time should be excluded under Rule 5.1 from July 11, 2013 to July 25, 2013 in order to allow defense counsel additional time to effectively prepare and also to allow the parties an opportunity to discuss a potential pre-indictment resolution of the mattter. The parties agree that the continuance is proper under Rule 5.1 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3060.

3. The time between July 11, 2013 to July 25, 2013 is excluded under the Speedy Trial Act. The parties agree that the failure to grant the requested continuance would unreasonably deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Finally, the parties agree that the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial and in the prompt disposition of criminal cases. 18 U.S.C. § 3161(h)(8)(A).

STIPULATED:

DATED: 7/9/13

/s/
VARELL FULLER
Assistant Federal Public Defender

DATED: 7/9/13

/s/
JOSEPH FAZIOLI
Assistant United States Attorney

IT IS SO ORDERED.

DATED: 7/10/13

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE